# DR. JAEGER'S SANITARY WOOLEN SYSTEM COMPANY, RESPONDENT, *v.* GEORGE LE BOUTILLIER, APPELLANT.

*Trade-mark — it is not acquired by the originator, unless he produces and sells goods having the words attached to them — the difference between a trade-mark and a patent stated.*

Upon the hearing of an appeal from an order granting a preliminary injunction, restraining the defendant from selling and advertising garments stamped with the words " normal " and " system Professor Jaeger," it appeared that the plaintiff claimed to have acquired the right to use the words " normal " and " system Professor Jaeger," as its trade-mark, by a concession made to it by Prof. Jaeger, who it was claimed was the inventor of the system.

*Held*, that, as it did not appear that Prof. Jaeger ever manufactured any of these goods, or that he had sold such goods having these words attached to them, it was not shown that he had ever acquired a proprietary right in the words, the use of which it was sought to enjoin, and that the order should be reversed.

A trade-mark is a mark attached by the manufacturer and seller of goods to the merchandise produced by him, in order to distinguish them from a like class of merchandise produced by others ; and the right to the exclusive use of such mark accrues, not because he was the originator of the same, but because he has applied it to goods of his manufacture and may have acquired a reputation in connection with such mark.

The case of a patentee is entirely different, as he acquires rights by the issuance of a patent, which, if valid, entitles him to absolute protection.

APPEAL from an order granting a preliminary injunction restraining the defendant from selling and advertising garments stamped with the words " normal " and " system Professor Jaeger," the plaintiff claiming the words " normal " and " Jaeger " as its trade-mark.

*Louis C. Raegener*, for the appellant.

*Everett P. Wheeler*, for the respondent.

VAN BRUNT, P. J. :

In the disposition of this appeal it is not necessary for us to determine as to whether, under any circumstances, Prof. Jaeger could have obtained a trade-mark in the words " normal " and " Jaeger."

Upon considering the points made by the respondent upon this appeal, it does not appear that the distinction between the protection of a patent and that which is afforded to a trade-mark has been clearly observed.

A patent protects the first producer or inventor of an article against the manufacture, production and sale of any such article without his consent. Although a person may have a trade-mark, in the proprietary right to which the law affords him protection, such trade-mark gives the owner thereof no right of property so as to prevent others from manufacturing, producing or selling the same article. The only right that the owner of the trade-mark can enforce is that no other person shall, in any manner, by using the same or similar devices or marks, hold out to the public that he is selling the identical article manufactured, produced or sold by the other. It necessarily follows, therefore, that in order to entitle a person to claim a proprietary right in any particular devices or marks attached to goods, the article to which these marks or devices has been attached must have been manufactured and produced by the person applying such marks or devices, and thus a reputation established in the market, for goods thus manufactured, in connec-

tion with these particular marks. The marks or devices thus used become a trade-mark, which becomes the property of the person who has originated it and created for it a reputation in connection with his manufactures.

In the case at bar the plaintiff claims its right to the use of this so-called trade-mark because of a concession made by Prof. Jaeger in May, 1886. The difficulty, however, which the plaintiff necessarily encounters is the fact that there is nothing to show that Prof. Jaeger had ever acquired a proprietary right in the words the use of which was sought to be enjoined as trade-marks. It does not appear that he had ever manufactured any of these goods; neither does it appear that he has been the vendor of such goods having attached thereto these words. But it seems to be assumed that because he is the inventor of the system he has, therefore, the right to make concessions of the use of the words which he has employed to designate his particular system. Such a condition of affairs in no way conferred upon Prof. Jaeger any proprietary right, as he has not been engaged in trade, and has, therefore, been unable to acquire any proprietary right in a trade-mark. The case of a patentee is entirely different. He acquires rights by the issuance of a patent which, if valid, entitles him to absolute protection.

In the case of a trade-mark, it is a mark or device attached by the manufacturer and seller of goods to the merchandise produced by him, in order to distinguish it from a like class of merchandise produced by others; and the right to the exclusive use of such mark accrues, not because he was the originator of the same, but because he has applied it to goods of his manufacture, and they have acquired a reputation in connection with such mark. As has been heretofore stated, Prof. Jaeger, from whom the plaintiff derives title, does not seem to have acquired any such proprietary right, even though he may have originated the mark, which justifies the granting of concessions which can be protected by the courts.

The order must be reversed, with ten dollars costs and disbursements, and the injunction heretofore granted vacated.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and injunction vacated.